IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE NGUYEN,

        Plaintiff,                  No. 2:12-cv-01375 KJM KJN PS

       v.

CITI RESIDENTIAL LENDING formerly doing business as ARGENT MORTGAGE CO. LLC; FIRST AMERICAN TE SERVICING SO; and DOES 1 through 50 inclusive,

        Defendants.              FINDINGS AND RECOMMENDATIONS
_____/

        Presently before the court in this foreclosure-related case is defendant Citi Residential Lending Inc.'s[1] ("Citi") motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Defendant First American TE Servicing So ("First American") has not appeared in the action, and it does not appear that First American has been served with the summons and complaint. (See, e.g., Notice of Removal ¶ 5.)

---

[1] Citi Residential Lending, Inc. represents that it was erroneously sued as Citi Residential Lending, formerly doing business as Argent Mortgage Co. LLC. (See Mot. to Dismiss at 1.)

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1       Plaintiff filed a timely written opposition to Citi's motion.  However, plaintiff's brief is entirely unresponsive to the substantive arguments made in Citi's motion to dismiss.  The only material argument raised in the opposition brief is plaintiff's contention that Citi's removal of this case from the California Superior Court for the County of Sacramento ("Superior Court") was untimely by one day; plaintiff did not file a noticed motion to remand.  Plaintiff's objection to Citi's removal of this case is addressed below.

      The court heard these motions on its law and motion calendar on August 9, 2012.  Attorney Kimberly A. Paese appeared on behalf of Citi.  Plaintiff, who is proceeding without an attorney, failed to appear at the hearing in violation of Local Rule 230(i), which provides that "[a]bsent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions."  In the exercise of discretion, the undersigned has considered plaintiff's written opposition and declines to sanction plaintiff at this time.

      The undersigned has considered the briefs, Citi's oral arguments, and the appropriate portions of the record in this case and, for the reasons stated below, recommends that: (1) plaintiff's request to remand this case to the Superior Court on the basis of Citi's untimely removal be denied; (2) Citi's motion to dismiss plaintiff's claim alleged pursuant to the federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., be dismissed with prejudice; (3) the court decline to exercise supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. §§ 1367(c)(2)-(3); and this case be remanded to the Superior Court.

I.    CITI'S REQUEST FOR JUDICIAL NOTICE & PLAINTIFF'S EXHIBITS

      In its motion to dismiss, Citi references its request for judicial notice that attaches certain documents relating to the foreclosure proceedings and the trustee's sale (e.g., Deed of Trust, Trustee's Deed Upon Sale, etc.).  (See Citi's Memo. of P. & A. In Supp. of Mot. to Dismiss ("Citi's Memo.") at 2, 4, and 9.)  However, Citi did not actually file any request for judicial notice or the related documents.  Accordingly, the court denies Citi's request for judicial

notice and does not accept any representations made by Citi that rely on the documents to be noticed and that are not otherwise supported by the allegations in the complaint.

Additionally, plaintiff's complaint references documents purportedly attached thereto as exhibits. (See, e.g., Compl. ¶¶ 6-7.) However, the copy of the complaint attached to the Notice of Removal does not append any exhibits, and plaintiff has not supplemented this court's record with any such exhibits. Accordingly, the court cannot rely on such exhibits to the extent that the parties' arguments rely on the contents of those exhibits.

II.     BACKGROUND

Although plaintiff's complaint is 20 pages long, the allegations regarding the underlying foreclosure proceedings are rather limited. Plaintiff alleges that he is the owner of the real property located at 7171 Saltgrass Way in Elk Grove, California. (Compl. ¶ 1.) He alleges that Citi, formerly doing business as Argent Mortgage Co., LLC, was the original lender in regards to plaintiff's note and deed of trust. (Id. ¶ 2.) Plaintiff further alleges that First American was listed in the notice of default and notice of trustee's sale relating to the foreclosure of plaintiff's real property. (Id. ¶ 3.)

Plaintiff alleges that on or about November 24, 2004, he obtained a loan from Citi or its predecessor to purchase the real property, and that the loan was secured by "Notes" and a deed of trust. (See Compl. ¶¶ 6, 24, 26.) Plaintiff alleges that on or about February 22, 2010, a notice of default was issued in regards to plaintiff's loan. (See id. ¶¶ 7, 26.) Citi contends, on the basis of Citi's unfiled request for judicial notice, that plaintiff's property was sold at a trustee's sale that occurred on March 21, 2012, and that a trustee's deed upon sale was recorded on April 3, 2012. (Citi's Memo. at 2.) Although the court does not rely on Citi's representations in this regard, plaintiff's complaint confirms the date of the trustee's sale in the prayer for relief, wherein plaintiff requests "[r]eversal or [*sic*] Trustee sale conducted by defendants on 3/21/2012 and restitution of the home to Plaintiff." (Compl. at 19.)

////

3

1  Plaintiff alleges claims for: (1) violation of California Civil Code § 2923.5;
2  (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6;
3  (5) violation of California Civil Code § 1572; (6) violation of California's Unfair Competition
4  Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (7) violation of TILA.
5  Plaintiff filed his complaint in the Superior Court on April 4, 2012, as case
6  number 34-2012-00121725.  (Notice of Removal ¶ 1 & Ex. A.)  In its notice of removal, Citi
7  alleges that plaintiff attempted personal service on Citi's agent for service of process on April 19,
8  2012.  (Id. ¶ 2; see also Citi's Reply Br. at 1; Paese Decl., Exs. 1-2.)  However, as discussed
9  further below, plaintiff contends that his process server actually effectuated service of the
10 summons and complaint on Citi's agent for service of process on April 18, 2012.  (Pl.'s Opp'n to
11 Mot. to Dismiss at 1-2 & Ex. A.)  Citi removed this case to federal court on May 21, 2012, on the
12 basis of plaintiff's TILA claim, which invoked the court's federal question subject matter
13 jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal ¶ 3.)  Citi further asserted that this court
14 could exercise supplemental jurisdiction over plaintiff's remaining claims, 28 U.S.C. § 1367(a).
15 (Id.)

16 III.   PLAINTIFF'S OBJECTION TO REMOVAL

17 The parties contest whether Citi's removal was timely, and plaintiff tersely seeks
18 the remand of this case through his opposition brief.  (Pl.'s Opp'n at 1-2; Citi's Reply Br. at 1-2.)
19 Where, as here, the initial complaint reveals the basis for removal, the defendant
20 must file his or her notice of removal "within 30 days after receipt" of the complaint "through
21 service or otherwise."  See 28 U.S.C. § 1446(b)(1); see also Bush v. Cheaptickets, Inc., 425 F.3d
22 683, 688 (9th Cir. 2005).  The 30-day time limit for filing a notice of removal is a procedural
23 defect rather than a jurisdictional defect, Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992), and
24 a party must object to removal on the basis of a procedural defect within 30 days after the filing
25 of the notice of removal, 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any
26 defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

4

of the notice of removal under section 1446(a)."). A party that fails to timely object to a procedural defect in removal waives or forfeits that objection. Cf. Lively v. Wild Oats Market, Inc., 456 F.3d 933, 942 (9th Cir. 2006) (holding that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)"); see also Powell v. DEF Express, Inc., 265 Fed. Appx. 672, 674 (9th Cir. 2008) (holding that plaintiff's failure to object to three procedural defects, including untimely removal, resulted in the forfeiture of those objections).[3]

      Here, Citi contends that it was served with the complaint and summons on April 19, 2012, and that as a result, its removal of the case to federal court on the basis of plaintiff's TILA claim was timely under 28 U.S.C. § 1446(b)(1). (See Citi's Reply Br. at 1-2.) In arguing that its agent was served on April 19, 2012, Citi relies on a "Service of Process Transmittal" printout prepared by CT Corporation, Citi's agent for service of process, which is dated April 19, 2012 and reflects service on CT Corporation "By Process Server on 04/19/2012 at 10:55." (Paese Decl., Ex. 1.) Citi also relies on a copy of the summons served on CT Corporation, which is dated April 19, 2012. (Id., Ex. 2.)

      Plaintiff contends that his process server, Gil Badillo, personally served CT Corporation with the summons and complaint on April 18, 2012. Plaintiff argues that, as a result, Citi's removal was one day late. Plaintiff relies on a "Proof of Service of Summons" dated April 18, 2012, in which Badillo declares that he served CT Corporation with the summons and complaint on April 18, 2012, at 10:55 a.m. (Pl.'s Opp'n, Ex. A.) As Citi notes, plaintiff's proof of service form does not bear the date or file stamp of the Superior Court, which suggests that plaintiff never filed the proof of service in the Superior Court as required by Code of Civil

---

[3] Plaintiff objected to Citi's removal on June 21, 2012, which was within 30 days of the removal of this case on May 21, 2012 (Dkt. Nos. 1, 13). However, plaintiff did not file a noticed motion for remand, and instead seeks remand through his opposition brief. In any event, the undersigned considers plaintiff's objection here.

1  Procedure § 417.30(a).[4]

2  The undersigned concludes that Citi timely removed this case to federal court. Citi submitted multiple documents substantiating service on CT Corporation on April 19, 2012, including the summons actually served on Cit that is dated April 19, 2012. In response, plaintiff submitted an unfiled proof of service form that lacks some ordinary indicia of reliability such a date stamp. The undersigned intended to question plaintiff about Badillo's proof of service at the hearing, but plaintiff failed to appear at the hearing in violation of the court's Local Rules. On the record before the court, the undersigned concludes that Citi's removal was timely.

IV.   CITI'S MOTION TO DISMISS

Citi moves to dismiss plaintiff's claims for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The undersigned recommends that Citi's motion to dismiss be granted insofar as plaintiff's TILA claim is concerned, and that the court decline to exercise supplemental jurisdiction over plaintiff's remaining claims.

A.   Legal Standards

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[4] Pursuant to California Code of Civil Procedure § 417.30(a), a proof of service must be filed with the court unless the defendant has already made a general appearance. The filing of a proof of service of the summons and complaint raises a rebuttable presumption that service was proper. Dill v. Berquist Constr. Co., 24 Cal. App. 4th 1426, 1441, 29 Cal. Rptr. 2d 746, 755 (Ct. App. 1994). Failure to file the proof of service with the court within three years and 60 days after commencement of the action will result in mandatory dismissal of the case. See Cal. Civ. Proc. Code § 583.210(b).

U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

7

   B. <u>Plaintiff's TILA Claim & Supplemental Jurisdiction</u>

   Plaintiff's seventh claim for relief alleges that Citi, and in effect its predecessor, violated TILA by failing to disclose certain finance charges in the loan documents addressed to the real property at issue.  (<u>See</u> Compl. ¶¶ 69-71.)  In terms of relief on his TILA claim, plaintiff seeks to "rescind the transaction."  (<u>Id.</u> ¶ 71.)  Citi moves to dismiss plaintiff's TILA claim on the grounds that plaintiff's claim is untimely and not subject to tolling.  (Citi's Memo. at 8-9.)

   An obligor's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," subject to certain exceptions not applicable here.  <u>See</u> 15 U.S.C. § 1635(f).  Section 1635(f), a statute of repose, is an "absolute" limitation on rescission claims, and is not subject to tolling.  <u>See</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (stating that "section 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction"); <u>accord</u> <u>McOmie-Gray v. Bank of Am. Home Loans</u>, 667 F.3d 1325, 1329 (9th Cir. 2012) ("We thus adhere to <u>Miguel's</u> conclusion that § 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions."); <u>see also</u> <u>Munoz v. Ashcroft</u>, 339 F.3d 950, 957 (9th Cir. 2003) ("Statutes of repose are not subject to equitable tolling.").

   Here, the date of consummation of the transaction at issue, i.e., the loan transaction, occurred on November 24, 2004.  (Compl. ¶¶ 6, 24, 26.)  As a result, plaintiff had to bring his TILA claim based on the non-disclosure of certain finance charges in the loan documents on or before November 24, 2007.  Plaintiff filed his lawsuit on April 4, 2012, nearly five years after the closing of the loan.  Accordingly, plaintiff's TILA claim is time-barred and should be dismissed with prejudice.  <u>See, e.g.</u>, <u>Mijes v. Banco Popular N. Am.</u>, No. 12-cv-00953-IEG (DHB), 2012 WL 1587846, at *2 (S.D. Cal. May 22, 2012) (unpublished) (dismissing TILA claims seeking rescission on the basis of undisclosed financing charges in a loan transaction where plaintiff filed suit more than five years after the loan transaction closed).

Plaintiff's TILA claim is the only claim alleged in the complaint that provides this court with original jurisdiction. Plaintiff's remaining six claims are premised on California law and predominate over plaintiff's time-barred federal claim. Accordingly, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(c)(2)-(3).

V.      CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's request to remand this case to the Sacramento County Superior Court on the basis of Citi's untimely removal to federal court, which was made in plaintiff's written opposition to a motion to dismiss, be denied.

2.      Defendant Citi Residential Lending's motion to dismiss (Dkt. No .9) be granted in part and denied in part.

3.      Plaintiff's claim premised on the federal Truth In Lending Act, 15 U.S.C. §§ 1601 et seq., be dismissed with prejudice.

4.      The court decline to exercise supplemental jurisdiction over plaintiff's remaining claims. See 28 U.S.C. § 1367(c)(2)-(3).

5.      This case be remanded to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1153, 1156-57 (9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED: August 17, 2012

                                _____
                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE