1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRUCE NGUYEN,

11          Plaintiff,                    No. 2:12-cv-01375 KJM KJN PS

12      v.

13   CITI RESIDENTIAL LENDING
     formerly doing business as ARGENT
14   MORTGAGE CO. LLC; FIRST
     AMERICAN TE SERVICING SO; and
15   DOES 1 through 50 inclusive,

16          Defendants.              FINDINGS AND RECOMMENDATIONS
                                 /
17   _____

18          Presently before the court in this foreclosure-related case is defendant Citi

19   Residential Lending Inc.'s[1] ("Citi") motion to dismiss plaintiff's complaint pursuant to Federal

20   Rule of Civil Procedure 12(b)(6).[2]  Defendant First American TE Servicing So ("First

21   American") has not appeared in the action, and it does not appear that First American has been

22   served with the summons and complaint.  (See, e.g., Notice of Removal ¶ 5.)

23   _____

24          [1]  Citi Residential Lending, Inc. represents that it was erroneously sued as Citi Residential
     Lending, formerly doing business as Argent Mortgage Co. LLC.  (See Mot. to Dismiss at 1.)

25

26          [2]  This action proceeds before this court pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

                                            1

1    Plaintiff filed a timely written opposition to Citi's motion.  However, plaintiff's

2  brief is entirely unresponsive to the substantive arguments made in Citi's motion to dismiss.  The

3  only material argument raised in the opposition brief is plaintiff's contention that Citi's removal

4  of this case from the California Superior Court for the County of Sacramento ("Superior Court")

5  was untimely by one day; plaintiff did not file a noticed motion to remand.  Plaintiff's objection

6  to Citi's removal of this case is addressed below.

7    The court heard these motions on its law and motion calendar on August 9, 2012.

8  Attorney Kimberly A. Paese appeared on behalf of Citi.  Plaintiff, who is proceeding without an

9  attorney, failed to appear at the hearing in violation of Local Rule 230(i), which provides that

10  "[a]bsent notice of intent to submit the matter on the briefs, failure to appear may be deemed

11  withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may

12  result in the imposition of sanctions."  In the exercise of discretion, the undersigned has

13  considered plaintiff's written opposition and declines to sanction plaintiff at this time.

14    The undersigned has considered the briefs, Citi's oral arguments, and the

15  appropriate portions of the record in this case and, for the reasons stated below, recommends

16  that: (1) plaintiff's request to remand this case to the Superior Court on the basis of Citi's

17  untimely removal be denied; (2) Citi's motion to dismiss plaintiff's claim alleged pursuant to the

18  federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., be dismissed with prejudice;

19  (3) the court decline to exercise supplemental jurisdiction over plaintiff's remaining claims

20  pursuant to 28 U.S.C. §§ 1367(c)(2)-(3); and this case be remanded to the Superior Court.

21  I.    CITI'S REQUEST FOR JUDICIAL NOTICE & PLAINTIFF'S EXHIBITS

22    In its motion to dismiss, Citi references its request for judicial notice that attaches

23  certain documents relating to the foreclosure proceedings and the trustee's sale (e.g., Deed of

24  Trust, Trustee's Deed Upon Sale, etc.).  (See Citi's Memo. of P. & A. In Supp. of Mot. to

25  Dismiss ("Citi's Memo.") at 2, 4, and 9.)  However, Citi did not actually file any request for

26  judicial notice or the related documents.  Accordingly, the court denies Citi's request for judicial

2

1  notice and does not accept any representations made by Citi that rely on the documents to be

2  noticed and that are not otherwise supported by the allegations in the complaint.

3        Additionally, plaintiff's complaint references documents purportedly attached

4  thereto as exhibits.  (See, e.g., Compl. ¶¶ 6-7.)  However, the copy of the complaint attached to

5  the Notice of Removal does not append any exhibits, and plaintiff has not supplemented this

6  court's record with any such exhibits.  Accordingly, the court cannot rely on such exhibits to the

7  extent that the parties' arguments rely on the contents of those exhibits.

8  II.     BACKGROUND

9        Although plaintiff's complaint is 20 pages long, the allegations regarding the

10  underlying foreclosure proceedings are rather limited.  Plaintiff alleges that he is the owner of the

11  real property located at 7171 Saltgrass Way in Elk Grove, California.  (Compl. ¶ 1.)  He alleges

12  that Citi, formerly doing business as Argent Mortgage Co., LLC, was the original lender in

13  regards to plaintiff's note and deed of trust.  (Id. ¶ 2.)  Plaintiff further alleges that First American

14  was listed in the notice of default and notice of trustee's sale relating to the foreclosure of

15  plaintiff's real property.  (Id. ¶ 3.)

16        Plaintiff alleges that on or about November 24, 2004, he obtained a loan from Citi

17  or its predecessor to purchase the real property, and that the loan was secured by "Notes" and a

18  deed of trust.  (See Compl. ¶¶ 6, 24, 26.)  Plaintiff alleges that on or about February 22, 2010, a

19  notice of default was issued in regards to plaintiff's loan.  (See id. ¶¶ 7, 26.)  Citi contends, on

20  the basis of Citi's unfiled request for judicial notice, that plaintiff's property was sold at a

21  trustee's sale that occurred on March 21, 2012, and that a trustee's deed upon sale was recorded

22  on April 3, 2012.  (Citi's Memo. at 2.)  Although the court does not rely on Citi's representations

23  in this regard, plaintiff's complaint confirms the date of the trustee's sale in the prayer for relief,

24  wherein plaintiff requests "[r]eversal or [sic] Trustee sale conducted by defendants on 3/21/2012

25  and restitution of the home to Plaintiff."  (Compl. at 19.)

26  ////

3

1    Plaintiff alleges claims for: (1) violation of California Civil Code § 2923.5;

2   (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6;

3   (5) violation of California Civil Code § 1572; (6) violation of California's Unfair Competition

4   Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (7) violation of TILA.

5    Plaintiff filed his complaint in the Superior Court on April 4, 2012, as case

6   number 34-2012-00121725.  (Notice of Removal ¶ 1 & Ex. A.)  In its notice of removal, Citi

7   alleges that plaintiff attempted personal service on Citi's agent for service of process on April 19,

8   2012.  (Id. ¶ 2; see also Citi's Reply Br. at 1; Paese Decl., Exs. 1-2.)  However, as discussed

9   further below, plaintiff contends that his process server actually effectuated service of the

10  summons and complaint on Citi's agent for service of process on April 18, 2012.  (Pl.'s Opp'n to

11  Mot. to Dismiss at 1-2 & Ex. A.)  Citi removed this case to federal court on May 21, 2012, on the

12  basis of plaintiff's TILA claim, which invoked the court's federal question subject matter

13  jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal ¶ 3.)  Citi further asserted that this court

14  could exercise supplemental jurisdiction over plaintiff's remaining claims, 28 U.S.C. § 1367(a).

15  (Id.)

16  III.    PLAINTIFF'S OBJECTION TO REMOVAL

17   The parties contest whether Citi's removal was timely, and plaintiff tersely seeks

18  the remand of this case through his opposition brief.  (Pl.'s Opp'n at 1-2; Citi's Reply Br. at 1-2.)

19   Where, as here, the initial complaint reveals the basis for removal, the defendant

20  must file his or her notice of removal "within 30 days after receipt" of the complaint "through

21  service or otherwise."  See 28 U.S.C. § 1446(b)(1); see also Bush v. Cheaptickets, Inc., 425 F.3d

22  683, 688 (9th Cir. 2005).  The 30-day time limit for filing a notice of removal is a procedural

23  defect rather than a jurisdictional defect, Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992), and

24  a party must object to removal on the basis of a procedural defect within 30 days after the filing

25  of the notice of removal, 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any

26  defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

4

1   of the notice of removal under section 1446(a).").  A party that fails to timely object to a

2   procedural defect in removal waives or forfeits that objection.  Cf. Lively v. Wild Oats Market,

3   Inc., 456 F.3d 933, 942 (9th Cir. 2006) (holding that "the forum defendant rule embodied in

4   § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable

5   non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)"); see also Powell

6   v. DEF Express, Inc., 265 Fed. Appx. 672, 674 (9th Cir. 2008) (holding that plaintiff's failure to

7   object to three procedural defects, including untimely removal, resulted in the forfeiture of those

8   objections).[3]

9         Here, Citi contends that it was served with the complaint and summons on

10   April 19, 2012, and that as a result, its removal of the case to federal court on the basis of

11   plaintiff's TILA claim was timely under 28 U.S.C. § 1446(b)(1).  (See Citi's Reply Br. at 1-2.)

12   In arguing that its agent was served on April 19, 2012, Citi relies on a "Service of Process

13   Transmittal" printout prepared by CT Corporation, Citi's agent for service of process, which is

14   dated April 19, 2012 and reflects service on CT Corporation "By Process Server on 04/19/2012

15   at 10:55."  (Paese Decl., Ex. 1.)  Citi also relies on a copy of the summons served on CT

16   Corporation, which is dated April 19, 2012.  (Id., Ex. 2.)

17         Plaintiff contends that his process server, Gil Badillo, personally served CT

18   Corporation with the summons and complaint on April 18, 2012.  Plaintiff argues that, as a

19   result, Citi's removal was one day late.  Plaintiff relies on a "Proof of Service of Summons"

20   dated April 18, 2012, in which Badillo declares that he served CT Corporation with the summons

21   and complaint on April 18, 2012, at 10:55 a.m.  (Pl.'s Opp'n, Ex. A.)  As Citi notes, plaintiff's

22   proof of service form does not bear the date or file stamp of the Superior Court, which suggests

23   that plaintiff never filed the proof of service in the Superior Court as required by Code of Civil

24

25       [3]  Plaintiff objected to Citi's removal on June 21, 2012, which was within 30 days of the removal of this case on May 21, 2012 (Dkt. Nos. 1, 13).  However, plaintiff did not file a noticed motion for remand, and instead seeks remand through his opposition brief.  In any event, the

26   undersigned considers plaintiff's objection here.

1    Procedure § 417.30(a).[4]

2            The undersigned concludes that Citi timely removed this case to federal court.

3    Citi submitted multiple documents substantiating service on CT Corporation on April 19, 2012,

4    including the summons actually served on Cit that is dated April 19, 2012.  In response, plaintiff

5    submitted an unfiled proof of service form that lacks some ordinary indicia of reliability such a

6    date stamp.  The undersigned intended to question plaintiff about Badillo's proof of service at the

7    hearing, but plaintiff failed to appear at the hearing in violation of the court's Local Rules.  On

8    the record before the court, the undersigned concludes that Citi's removal was timely.

9    IV.    CITI'S MOTION TO DISMISS

10           Citi moves to dismiss plaintiff's claims for failure to state a claim on which relief

11   can be granted.  Fed. R. Civ. P. 12(b)(6).  The undersigned recommends that Citi's motion to

12   dismiss be granted insofar as plaintiff's TILA claim is concerned, and that the court decline to

13   exercise supplemental jurisdiction over plaintiff's remaining claims.

14       A.    Legal Standards

15           A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

16   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

17   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

18   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

19   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

20   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053

21   (2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

22   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

23
24           [4] Pursuant to California Code of Civil Procedure § 417.30(a), a proof of service must be filed
     with the court unless the defendant has already made a general appearance.  The filing of a proof of
25   service of the summons and complaint raises a rebuttable presumption that service was proper.  Dill
     v. Berquist Constr. Co., 24 Cal. App. 4th 1426, 1441, 29 Cal. Rptr. 2d 746, 755 (Ct. App. 1994).
26   Failure to file the proof of service with the court within three years and 60 days after commencement
     of the action will result in mandatory dismissal of the case.  See Cal. Civ. Proc. Code § 583.210(b).

1   U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim

2   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3   reasonable inference that the defendant is liable for the misconduct alleged."  Id.

4           In considering a motion to dismiss for failure to state a claim, the court accepts all

5   of the facts alleged in the complaint as true and construes them in the light most favorable to the

6   plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however,

7   required to accept as true conclusory allegations that are contradicted by documents referred to in

8   the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely

9   because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and

10  quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it

11  states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give

12  plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the

13  defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri

14  v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are

15  liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler,

16  627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings

17  liberally even when evaluating them under the standard announced in Iqbal).

18          In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may

19  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

20  and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of

21  Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although

22  the court may not consider a memorandum in opposition to a defendant's motion to dismiss to

23  determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections,

24  151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers

25  in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2

26  (9th Cir. 2003).

1            B.      Plaintiff's TILA Claim & Supplemental Jurisdiction

2                    Plaintiff's seventh claim for relief alleges that Citi, and in effect its predecessor,

3    violated TILA by failing to disclose certain finance charges in the loan documents addressed to

4    the real property at issue.  (See Compl. ¶¶ 69-71.)  In terms of relief on his TILA claim, plaintiff

5    seeks to "rescind the transaction."  (Id. ¶ 71.)  Citi moves to dismiss plaintiff's TILA claim on the

6    grounds that plaintiff's claim is untimely and not subject to tolling.  (Citi's Memo. at 8-9.)

7                    An obligor's right of rescission expires "three years after the date of

8    consummation of the transaction or upon the sale of the property, whichever occurs first," subject

9    to certain exceptions not applicable here.  See 15 U.S.C. § 1635(f).  Section 1635(f), a statute of

10   repose, is an "absolute" limitation on rescission claims, and is not subject to tolling.  See Miguel

11   v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (stating that "section 1635(f)

12   represents an 'absolute limitation on rescission actions' which bars any claims filed more than

13   three years after the consummation of the transaction"); accord McOmie-Gray v. Bank of Am.

14   Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012) ("We thus adhere to Miguel's conclusion that

15   § 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions.");

16   see also Munoz v. Ashcroft, 339 F.3d 950, 957 (9th Cir. 2003) ("Statutes of repose are not

17   subject to equitable tolling.").

18                   Here, the date of consummation of the transaction at issue, i.e., the loan

19   transaction, occurred on November 24, 2004.  (Compl. ¶¶ 6, 24, 26.)  As a result, plaintiff had to

20   bring his TILA claim based on the non-disclosure of certain finance charges in the loan

21   documents on or before November 24, 2007.  Plaintiff filed his lawsuit on April 4, 2012, nearly

22   five years after the closing of the loan.  Accordingly, plaintiff's TILA claim is time-barred and

23   should be dismissed with prejudice.  See, e.g., Mijes v. Banco Popular N. Am., No. 12-cv-00953-

24   IEG (DHB), 2012 WL 1587846, at *2 (S.D. Cal. May 22, 2012) (unpublished) (dismissing TILA

25   claims seeking rescission on the basis of undisclosed financing charges in a loan transaction

26   where plaintiff filed suit more than five years after the loan transaction closed).

1    Plaintiff's TILA claim is the only claim alleged in the complaint that provides this

2    court with original jurisdiction.  Plaintiff's remaining six claims are premised on California law

3    and predominate over plaintiff's time-barred federal claim.  Accordingly, the undersigned

4    recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law

5    claims pursuant to 28 U.S.C. §§ 1367(c)(2)-(3).

6    V.    CONCLUSION

7    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

8    1.    Plaintiff's request to remand this case to the Sacramento County Superior

9    Court on the basis of Citi's untimely removal to federal court, which was made in plaintiff's

10   written opposition to a motion to dismiss, be denied.

11   2.    Defendant Citi Residential Lending's motion to dismiss (Dkt. No .9) be

12   granted in part and denied in part.

13   3.    Plaintiff's claim premised on the federal Truth In Lending Act, 15 U.S.C.

14   §§ 1601 et seq., be dismissed with prejudice.

15   4.    The court decline to exercise supplemental jurisdiction over plaintiff's

16   remaining claims.  See 28 U.S.C. § 1367(c)(2)-(3).

17   5.    This case be remanded to the Sacramento County Superior Court.

18   These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

22   Such a document should be captioned "Objections to Magistrate Judge's Findings and

23   Recommendations."  Any response to the objections shall be filed with the court and served on

24   all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

25   Failure to file objections within the specified time may waive the right to appeal the District

26   Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

9

1153, 1156-57 (9th Cir. 1991).

            IT IS SO RECOMMENDED.

DATED:  August 17, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE